```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | : : : | NO. 1:06-CV-00284 |
| Plaintiff, | : : : | **OPINION AND ORDER** |
| v. | : : : | |
| BUCKO CONSTRUCTION COMPANY, et al., | : : | |
| Defendants. | | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 11), Defendants' Memorandum in Opposition to Plaintiff's Motion (doc. 12), and Plaintiff's Reply (doc. 16). For the reasons stated herein, the Court GRANTS Defendants a continuance of ninety (90) days to conduct discovery. Plaintiff may renew its motion for summary judgment when ninety days have elapsed.

Plaintiff, The Cincinnati Insurance Company, filed the instant motion, asking the Court to grant summary judgment in its favor (doc. 11). Pursuant to Fed. R. Civ. P. 56(f), Defendants request additional time to conduct discovery in order to evaluate the reasonableness of the amounts sought to be recovered by Plaintiff (doc. 12).

Fed. R. Civ. P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"It is well-established that a party must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." Ball v. Union Carbide Corp., 385 F.3d 714, 719 (6th Cir. 2004), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); and Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  For the Court to consider additional time for discovery, the requesting party must file "a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery." Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196 (6th Cir. 1995). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

The Court finds that Defendants have met these requirements.  Defendants' request comes before the parties have

conducted their preliminary pretrial conference, and therefore, little, if any, discovery has been conducted.  Defendants have filed the Affidavit of Robert J. Bucko Jr., a named Defendant, and President of the additional Defendants  Bucko Construction Company, Inc., and Contract Carriers Corp. (doc. 12).  In the Affidavit, Defendants contend that they have demanded, but not yet received, a detailed accounting of Plaintiff's claimed expenses including an itemization of claimed attorney fees (Id.).  Defendants state that this information will allow them to evaluate the reasonableness of the damages Plaintiff seeks to recover (Id.).

Plaintiff argues that a continuance is not necessary because discovery cannot lead to relevant information (doc. 16).  However, out of an abundance of caution and in the interest of justice, the Court GRANTS Defendants a continuance of ninety days to conduct discovery.  Plaintiff may renew its motion for summary judgment when ninety days have elapsed.

SO ORDERED.

Dated: November 20, 2006          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge